# Register of Actions



| | Filed by Plaintiff/Petitioner | Case Number: | 2014CV030985 | Division: | 1 |
| | Filed by Defendant/Respondent | Case Type: | Breach of Contract | Judicial Officer: | Paul A King |
| | Filed by Court | Case Caption: | Bartels, Ty Et Al V. Safeco Insurance Company of America Et Al | Court Location: | Douglas County |

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Event | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| N/A (Details) | 10/16/2014 4:08 PM | Paul A King | Douglas County | N/A | Order *(Related Event)* | Order: Order for Dismissal of Kent Strickland and Robert Davis and to Amend Caption | Public |
| 1157413816D47 | 10/16/2014 11:47 AM | Brian John Spano, Holly Christine Ludwig | Lewis Roca Rothgerber | Safeco Insurance Company of America, Kent Strickland (more) | Answer w/Jury Demand | Defendant Safeco Insurance Company of America's Answer to Plaintiffs' Complaint and Jury Demand $348.00 assessed | Public |
| F5180F69B1532 | 10/16/2014 11:42 AM | Ross I Ziev | Speights and Worrich LLC | Ty Bartels, Linda Bartels | Entry of Appearance | Entry of Appearance | Public |
| 8A53DA05B6B8D | 10/15/2014 5:01 PM | Holly Christine Ludwig | Lewis Roca Rothgerber | Robert Davis, Safeco Insurance Company of America (more) | Stipulation | Stipulation for Dismissal with Prejudice of Kent Strickland and Robert Davis and to Amend Caption | Public |
| | | | | | Proposed Order *(Related Event)* | Order for Dismissal of Kent Strickland and Robert Davis and to Amend Caption | Public |
| 82726B14DA46E | 10/10/2014 12:07 PM | Ross I Ziev | Ross Ziev PC | Ty Bartels, Linda Bartels | Return of Service | Return of Service - Safeco Ins. Co. | Public |
| 28859623E2122 | 09/15/2014 10:51 AM | Ross I Ziev | Ross Ziev PC | Ty Bartels, Linda Bartels | Notice | Notice of Correction | Public |
| 25495A96CCF9E | 09/12/2014 4:06 PM | Ross I Ziev | Ross Ziev PC | Ty Bartels, Linda Bartels | Complaint w/Jury Demand | Complaint w/Jury Demand | Public |
| | | | | | Civil Case Cover | Civil Case Cover | Public |

| | | | | | Sheet | Sheet | |
|---|---|---|---|---|---|---|---|
| | | | | | Summons | Summons | Public |

## Party Information

| Party Name | Party Type | Party Status | Attorney Name |
|---|---|---|---|
| Kent Strickland | Defendant | | Brian John Spano (Lewis Roca Rothgerber)<br>Holly Christine Ludwig (Lewis Roca Rothgerber) |
| Linda Bartels | Plaintiff | | Ross I. Ziev (Unable to determine organization) |
| Robert Davis | Defendant | | Brian John Spano (Lewis Roca Rothgerber)<br>Holly Christine Ludwig (Lewis Roca Rothgerber) |
| Safeco Insurance Company of America | Defendant | | Brian John Spano (Lewis Roca Rothgerber)<br>Holly Christine Ludwig (Lewis Roca Rothgerber) |
| Ty Bartels | Plaintiff | | Ross I. Ziev (Unable to determine organization) |

| | |
|---|---|
| **18th Judicial District Court, Douglas County, Colorado District Court**<br>Court Address:　　　　4000 Justice Way, Suite 2009<br>　　　　　　　　　　　Castle Rock, Colorado 80109 | DATE FILED: September 12, 2014 4:06 PM |
| **Plaintiff:**　　Ty and Linda Bartels<br><br>**v.**<br><br>**Defendant:**　　Safeco Insurance Company of America<br>　　　　　　　　Kent Strickland<br>　　　　　　　　Robert Davis | ▲　COURT USE ONLY　▲ |
| **Attorney for Plaintiffs:**<br>Attorney:　　Ross Ziev, #43181<br>Address:　　Speights and Worrich, LLC<br>　　　　　　116 Inverness Drive East, Suite 270<br>　　　　　　Englewood, CO 80112<br>Phone Num.:　(303) 662-8082<br>FAX Num.:　(303) 662-8083<br>E-Mail:　　ross@speightsfirm.com | Case Number:<br><br>Div.: |
| **SUMMONS** | |

**THE PEOPLE OF THE STATE OF COLORADO**
**TO THE ABOVE NAMED DEFENDANT:**

　　　　You are summoned and required to file with the Clerk of this Court an answer or other response to the attached complaint within twenty-one (21) days after this summons is served on you in the State of Colorado, or within thirty-five (35) days after this summons is served on you outside the State of Colorado.

　　　　If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the complaint, without any further notice to you.

Dated: September 2, 2014.

/s/ Ross Ziev _____　　　　Address of Plaintiff
Ross Ziev #43181　　　　　　　　　　　　　　11389 East Maplewood Avenue
*Attorney for Plaintiff*　　　　　　　　　　　　Englewood, Colorado 80111
*A duly authorized signature is on file*
*at Mr. Ziev's Office.*
.

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 4, C.R.C.P., AS AMENDED. A COPY OF THE COMPLAINT MUST BE SERVED WITH THIS SUMMONS.**

| 18th Judicial District Court, Douglas County, Colorado District Court | |
|---|---|
| Court Address: 4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109 | DATE FILED: September 12, 2014 4:05 PM |
| **Plaintiff:** Ty and Linda Bartels<br><br>**v.**<br><br>**Defendant:** Safeco Insurance Company of America<br>Kent Strickland<br>Robert Davis | |
| | ▲ COURT USE ONLY ▲ |
| **Attorney for Plaintiffs:**<br>Attorney: Ross Ziev, #43181<br>Address: Speights and Worrich, LLC<br>116 Inverness Drive East, Suite 270<br>Englewood, CO 80112<br>Phone Num.: (303) 662-8082<br>FAX Num.: (303) 662-8083<br>E-Mail: ross@speightsfirm.com | Case Number:<br><br>Div.: |
| DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT | |

1.      This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.      Check one of the following:

☐      This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

•      The case is filed within the period of January 1, 2012 through December 31, 2013; *AND*

•      The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

•      The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

☒      This case is not governed by the Colorado Civil Access Pilot Project Rules.

*NOTE: Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02*

*(available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm).  The presiding judge will review Item 2 for accuracy.  The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3.     If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:

☐     This case is governed by C.R.C.P. 16.1 because:

•     The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

•     A monetary judgment over $100,000 is not sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒     This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐     The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒     A monetary judgment over $100,000 is sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date.  See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy).  In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date.  See C.R.C.P. 16.1(d).*

☐     A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐     C.R.C.P. 16.1 applies to this case.

☐     C.R.C.P. 16.1 does not apply to this case.

4. ☒   This party makes a Jury Demand at this time and pays the requisite fee.  See C.R.C.P. 38.  (Checking this box is optional.)

Date: September 2, 2014.

*/s/ Ross Ziev*
Ross Ziev #43181
Attorney for Plaintiff
*A duly authorized signature is on file at Mr. Ziev's office*

| | |
|---|---|
| **18th Judicial District Court, Douglas County, Colorado District Court**<br>Court Address:      4000 Justice Way, Suite 2009<br>                    Castle Rock, Colorado 80109 | DATE FILED: September 12, 2014 4:05 PM |
| **Plaintiff:**    Ty and Linda Bartels<br><br>**v.**<br><br>**Defendant:**    Safeco Insurance Company of America<br>                   Kent Strickland<br>                   Robert Davis | <br><br><br><br><br>▲    COURT USE ONLY    ▲ |
| **Attorney for Plaintiffs:**<br>Attorney:       Ross Ziev, #43181<br>Address:       Speights and Worrich, LLC<br>                116 Inverness Drive East, Suite 270<br>                Englewood, CO 80112<br>Phone Num.:   (303) 662-8082<br>FAX Num.:     (303) 662-8083<br>E-Mail:        ross@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW PLAINTIFFS, Ty and Linda Bartels, by and through their attorneys, Speights and Worrich, LLC, and Complains against the above named Defendants as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Ty Bartels, is a citizen and domicile of the State of Colorado residing at 11389 East Maplewood Avenue, Englewood, Colorado 80111.

2. Plaintiff, Linda Bartels, is a citizen and domicile of the State of Colorado residing at 11389 East Maplewood Avenue, Englewood, Colorado 80111.

3. Defendant, Safeco Insurance Company of America (hereinafter referred to as "Defendant Company") is an out of state insurance company doing business in the state of Colorado with its principle street address as 62 Maple Avenue, Keene, New Hampshire, 03820.

4. Based on information and belief, Defendant, Kent Strickland (hereinafter referred to as "Defendant Strickland") is an out of state insurance adjuster for Defendant Company doing business in the state of Colorado with his principle street address as 50 Waters Edge Court, Griffin, Georgia 30224.

5.    Based on information and belief, Defendant, Robert Davis (hereinafter referred to as "Defendant Davis") is a citizen and domicile of the State of Colorado residing at an unknown address and working for Defendant Company.

6.    Defendant Company's registered agent is the Colorado Division of Insurance, 1560 Broadway, Denver, Colorado, 80202.

7.    At the time of the formation of the contract in question, Plaintiffs lived in Douglas County, Colorado.

8.    Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

9.    Plaintiffs are the owners of insurance Policy Number Y-06870973 issued by Defendant Company (hereinafter referred to as the "Policy").

10.    Plaintiffs owned the insured property, which is specifically located at 11389 East Maplewood Avenue, Englewood, Colorado 80111, on the date of the storm (hereinafter referred to as the "Property").

11.    Defendant Company or its agent sold the Policy, insuring the Property, to Plaintiffs.

12.    On or about June 6, 2012, a wind and hailstorm struck the area surrounding the Property, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

13.    Plaintiffs submitted a claim to Defendant Company against the Policy for roof and structure damage to the Property sustained from the wind and hailstorm.  Plaintiffs asked that Defendant Company cover the cost of repairs to the Property pursuant to the Policy and any other available coverage under the Policy.

14.    Defendant assigned claim number 519378105039 to Plaintiffs' claim.

15.    Defendant Strickland was the agent for Defendant Company and represented Defendant Company regarding Plaintiffs' claim.  Defendant Strickland also adjusted Plaintiffs' claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim.  As such, Defendant Strickland acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claim.  Therefore, Defendant Strickland is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1102.  Furthermore, Defendant Strickland acted as the agent and representative for Defendant Company in this claim.

16.    Defendant Strickland improperly adjusted the Plaintiffs' claim.   Defendant Strickland conducted a substandard inspection.  His estimate did not allow adequate funds to cover repairs to restore Plaintiffs' home.  Without limitation, Defendant

2

Strickland misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under Plaintiffs' insurance policy.  Defendant Strickland made these and other misrepresentations to Plaintiffs as well as to Defendant Company.  Plaintiffs and Defendant Company both relied on Defendant Strickland's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance.  Defendant Strickland's misrepresentations caused Defendant Company to underpay Plaintiffs on their insurance claim and, as such, Plaintiffs were not able to properly and completely repair the damages to Plaintiffs' property until much later.

17.     Defendant Davis was the agent for Defendant Company and represented Defendant Company regarding Plaintiffs' claim.  Defendant Davis also adjusted Plaintiffs' claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim.  As such, Defendant Davis acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claim. Therefore, Defendant Davis is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1102.  Furthermore, Defendant Davis acted as the agent and representative for Defendant Company in this claim.

18.     Defendant Davis improperly adjusted the Plaintiffs' claim.  Defendant Davis conducted a substandard inspection.  His estimate did not allow adequate funds to cover repairs to restore Plaintiffs' home.  Without limitation, Defendant Davis misrepresented the cost to repair the damage to Plaintiffs' Property, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under Plaintiffs' insurance policy.  Defendant Davis made these and other misrepresentations to Plaintiffs as well as to Defendant Company.  Plaintiffs and Defendant Company both relied on Defendant Davis's misrepresentations, including but not limited to those regarding the cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance.  Defendant Davis's misrepresentations caused Defendant Company to underpay Plaintiffs on their insurance claim and, as such, Plaintiffs were unable to properly and completely repair the damages to Plaintiffs' property until much later.

19.     Defendant Company, through its agents, Defendants Strickland, and Davis misrepresented the damages caused by the wind and hailstorm.  Defendant Strickland misrepresented that the damages caused by the wind and hailstorm were only $3,310.04.  Defendant Davis misrepresented that the damages caused by the wind and hailstorm were only $39,240.32.  Defendant Davis misrepresented that the damages caused by the wind and hailstorm were only $10,417.76, and in a revised estimate $10,782.24.  However, Defendants Strickland and Davis's representations were false because Plaintiffs' wind and hailstorm damages exceeded $99,050.25.

20. Defendant Company, through its agents, Defendants Strickland and Davis failed to properly adjust the claims and Defendant Company has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

21. These false representations allowed Defendants Company, Strickland, and Davis to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

22. Defendant Company failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant Company's conduct constitutes a breach of the insurance contract between Defendant Company and Plaintiffs.

23. Defendants Company, Strickland, and Davis misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

24. Defendants Company, Strickland, and Davis failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

25. Defendants Company, Strickland, and Davis failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Company, Strickland, and Davis failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Company, Strickland, and Davis did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

26. Defendants Company, Strickland, and Davis failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).

Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

27. Defendant Company refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant Company failed to conduct a reasonable investigation. Specifically, Defendants Company, Strickland, and Davis performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

28. Defendants Company, Strickland, and Davis failed to meet its obligations under the Colorado Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within a reasonable amount of time. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

29. Defendants failed to meet their obligations under the Colorado Insurance Code regarding payment of claim without delay. Specifically, Defendant Company has delayed full payment of Plaintiffs' claim longer than allowed. Defendant Company's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant Company's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

30. At the time Plaintiffs' claim was presented to Defendant Company, the liability of Defendant Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Company refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Company's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant Company's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

31. Due to Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

32. Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant Company committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Company with regard to handling these types of claims. Defendant Company's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1))**

33.     Plaintiffs incorporate all previous allegations as if more fully set forth herein.

34.     Defendants' delay and/or denial of Plaintiffs' claim for homeowner's insurance benefits is unreasonable.

35.     Pursuant to C.R.S. §10-3-1116(1), Plaintiffs are entitled to reasonable attorney's fees and two times the covered benefit.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT COMPANY**
**(BREACH OF CONTRACT)**

36.     Plaintiffs incorporate all previous allegations as if more fully set forth herein.

37.     Plaintiffs have complied with all conditions precedent to coverage under the insurance policy issued by Defendant Company to Plaintiff.

38.     To the extent that Plaintiffs have failed to comply with any of the contractual obligations, Defendant Company has not been prejudiced by the failure to comply.

39.     To the extent that Plaintiffs have failed to comply with any of the contractual obligations, Defendant Company may not rely on this failure to comply because it breached one or more material obligations under the Policy before any alleged failure to comply by Plaintiffs.

40.     At all times relevant to this action, Defendant Company owed to Plaintiffs the implied duty of good faith and fair dealing in the insurance contract.

41.     Defendant Company has breached its contract with Plaintiffs by not providing timely benefits under the Policy.

42.     As a direct and proximate result of Defendant Company's breach of contract, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT COMPANY**
**(BAD FAITH BREACH OF INSURANCE CONTRACT)**

43.     Plaintiffs incorporate all previous allegations as if more fully set forth herein.

44.     As a provider of insurance services to the public, Defendant Company at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and

6

practice the principles of law and equity in all matters pertaining to the business of insurance.

45.     Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured's.  Pursuant to its implied duty of good faith and fair dealing, Defendant Company owed to Plaintiffs an obligation to treat Plaintiffs' interests with equal consideration to their own interests.

46.     Defendant Company has breached its duty of good faith and fair dealing owed to Plaintiffs, including but not limited to:

     a.      Failing to give equal consideration to the interest of Plaintiffs, their insured;

     b.      When investigating Plaintiffs claims, failing to diligently search for evidence that supported their insured's (Plaintiffs') claims;

     c.      Seeking to discover only evidence that defeated their insured's (Plaintiffs') claims;

     d.      Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

     e.      Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

     f.      Refusing to pay claims without conducting a reasonable investigation based upon all available information;

     g.      Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

     h.      Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy;

     i.      Forcing Plaintiffs into the costly and lengthy process of litigation; and

     j.      Any further acts which may be discovered.

47.     Defendant Company's aforesaid conduct was unreasonable and Defendant knew such conduct either was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

48.   As a direct and proximate result of Defendant Company's breach of its duty of good faith and fair dealing, Plaintiffs have sustained damages in the amount to be proved at trial.

## DAMAGES

49.   Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

50.   As a direct and proximate result of Defendants' violation of C.R.S. §10-3-1115 and C.R.S. §10-3-1116, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

51.   As a direct and proximate result of Defendant Company's breach of contract and bad faith breach of the insurance contract, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of the Plaintiffs and against Defendants in an amount to fairly compensate them for the damages as set forth above, court costs, expert witness fees, attorney's fees and other costs, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 12th day of September 2014.

Respectfully Submitted,

*/s/ Ross Ziev*
Ross Ziev

In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.

| | |
|---|---|
| **18th Judicial District Court, Douglas County, Colorado District Court**<br><br>Court Address:　　4000 Justice Way, Suite 2009<br>　　　　　　　　　Castle Rock, Colorado 80109 | DATE FILED: September 15, 2014 10:51 AM<br>FILING ID: 28859623E2122<br>CASE NUMBER: 2014CV30985 |
| **Plaintiff:**　　Ty and Linda Bartels<br><br>**v.**<br><br>**Defendant:**　Safeco Insurance Company of America<br>　　　　　　　Kent Strickland<br>　　　　　　　Robert Davis | |
| | ▲　　COURT USE ONLY　　▲ |
| **Attorney for Plaintiffs:**<br>Attorney:　　Ross Ziev, #43181<br>Address:　　Speights and Worrich, LLC<br>　　　　　　116 Inverness Drive East, Suite 270<br>　　　　　　Englewood, CO 80112<br>Phone Num.:　(303) 662-8082<br>FAX Num.:　　(303) 662-8083<br>E-Mail:　　　ross@speightsfirm.com | Case Number:<br><br>Div.: |
| **NOTICE OF CORRECTION** | |

PLEASE TAKE NOTICE that this case was supposed to be filed under the ICCES account of Ross Ziev, Speights and Worrich, LCC and not filed under the ICCES account of Ross Ziev, P.C. All other information remains the same.

Speights and Worrich, LLC
116 Inverness Drive East, Suite 270
Englewood, CO 80112
Phone: (303) 662-8082
Fax: (303) 662-8083

Dated this September 15, 2014.

Respectfully Submitted,

/s/ *Ross Ziev*
Ross Ziev #43181
Attorney for Plaintiff
In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.

**18th Judicial District Court, Douglas County, Colorado**
**District Court**
Court Address:     4000 Justice Way, Suite 2009
~~Castle Rock, Colorado 80109~~

DATE FILED: October 10, 2014 12:06 PM

**Plaintiff:**     Ty and Linda Bartels

**v.**

**Defendant:**     Safeco Insurance Company of America
                   Kent Strickland
                   Robert Davis

▲   COURT USE ONLY   ▲

**Attorney for Plaintiffs:**
Attorney:     Ross Ziev, #43181
Address:      Speights and Worrich, LLC
              116 Inverness Drive East, Suite 270
              Englewood, CO 80112
Phone Num.:   (303) 662-8082
FAX Num.:     (303) 662-8083
E-Mail:       ross@speightsfirm.com

Case Number: 2014CV030985

Div.:  1

## Return of Service

I, Eric Olin the Affiant, being duly sworn says, that the affiant is over the age of eighteen and is
not a party to this action and that the following document(s) have been served;

*Summons, Complaint, District Court Cover Sheet* #2090
at the following address ~~1560~~ 1560 *Broadway* #2090 _ in the City of *Denver*
in the County of *Denver* ___ in the State of Colorado at the hour of *1:50 PM*
on the date of *9-25-14* ___ manner of service *Registered agent +*
*corporation service company, Kurt Plauder* ___

_(signature)_                          9-29-14

Affiant                                Date

   10-03-17
My Commission Expires

_(signature)_                          09-29-14

Notary Public                          Date

```
ASHLEY NAYELY RODRIGUEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20134062220
MY COMMISSION EXPIRES 10/03/2017
```

Subscribed and sworn before me on the 29th day of *September*, 20*14* in the County of
*Adams*, State of Colorado.

DATE FILED: October 15, 2014 4:57 PM

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br><br>Court Address:    Douglas County Courthouse<br>4000 Justice Way, Suite 2009<br>Castle Rock, CO  80109<br>Court Tel.:    720-437-6200 | |
| **Plaintiffs:**  TY and LINDA BARTELS,<br><br>       v.<br><br>**Defendants:**  SAFECO INSURANCE COMPANY OF AMERICA, KENT STRICKLAND, and ROBERT DAVIS. | ▲ COURT USE ONLY ▲<br><br>Case Number:  2014CV030985<br><br>Div.: 1          Ctrm.: |
| *Attorneys for Plaintiffs:*<br><br>Ross Ziev, Atty. Reg. No. 43181<br>SPEIGHTS AND WORRICH, LLC<br>116 Inverness Drive East, Suite 270<br>Englewood, CO  80112<br>Tel:    303.662.8082<br>Fax:    303.662.8083<br>ross@speightsfirm.com<br><br><br>*Attorneys for Defendant*<br>*Safeco Insurance Company of America:*<br><br>Brian J. Spano, Atty. Reg. No. 17059<br>Holly C. Ludwig, Atty. Reg. No. 41381|<br>LEWIS ROCA ROTHGERBER LLP<br>1200 17th Street, Suite 3000<br>Denver, CO  80202-5855<br>Tel:    303.623.9000<br>Fax:    303.623.9222<br>bspano@LRRLaw.com<br>hludwig@LRRLaw.com | |

### STIPULATION FOR DISMISSAL WITH PREJUDICE OF KENT STRICKLAND AND ROBERT DAVIS AND TO AMEND CAPTION

       Plaintiffs Ty and Linda Bartels and Defendants Safeco Insurance Company of America ("Safeco"), Kent Strickland, and Robert Davis, through their undersigned counsel, hereby submit this Stipulation for Dismissal With Prejudice of Kent Strickland and Robert Davis pursuant to C.R.C.P. 41, and to Amend Caption, and in support thereof, state as follows:

1.      On September 12, 2014, Plaintiffs filed this action against three defendants: Safeco, Kent Strickland, and Robert Davis.  Plaintiffs asserted one claim for relief for violations of C.R.S. §§ 10-3-1115(1)(a) and 10-3-1116(1) against Mr. Strickland and Mr. Davis.

2.      The parties have agreed that Plaintiffs will dismiss Mr. Strickland and Mr. Davis from this lawsuit with prejudice.

3.      The parties have agreed that dismissed parties' names shall be removed from the caption.

WHEREFORE, Plaintiffs Ty and Linda Bartels and Defendants Safeco Insurance Company of America, Kent Strickland, and Robert Davis respectfully request that this Court enter an order dismissing Kent Strickland and Robert Davis, with prejudice, amend the caption to remove their names, and any such other or further relief as this Court deems just and proper.

Respectfully submitted this 15th day of October, 2014.

SPEIGHTS AND WORRICH, LLC                    LEWIS ROCA ROTHGERBER LLP


*s/Ross Ziev*                                                    *s/Holly C. Ludwig*
Ross Ziev, Atty. Reg. No. 43181                  Brian J. Spano, Atty. Reg. No. 17059
116 Inverness Drive East, Suite 270          Holly C. Ludwig, Atty. Reg. No. 41381|
Englewood, CO  80112                               1200 17th Street, Suite 3000
Tel:    303.662.8082                                    Denver, CO  80202-5855
Fax:    303.662.8083                                   Tel:    303.623.9000
ross@speightsfirm.com                             Fax:    303.623.9222

*Attorneys for Plaintiffs*                              bspano@LRRLaw.com
                                                                   hludwig@LRRLaw.com

                                                                   *Attorneys for Defendants*
                                                                   *Safeco Insurance Company of America*

- 2 -

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 15th day of October, 2014, the foregoing **STIPULATION FOR DISMISSAL OF KENT STRICKLAND AND ROBERT DAVIS AND TO AMEND CAPTION** was filed electronically, via ICCES, which caused automatic electronic notice of such filing upon the following:

Ross Ziev, Esq.
SPEIGHTS AND WORRICH, LLC
116 Inverness Drive East, Suite 270
Englewood, CO  80112
Tel:     303.662.8082
Fax:     303.662.8083
ross@speightsfirm.com

*Attorneys for Plaintiffs*

*s/Donna Johnson*
Donna Johnson

2005023171_1

| **18th Judicial District Court, Douglas County, Colorado District Court** | |
|---|---|
| Court Address: 4000 Justice Way, Suite 2009 Castle Rock, Colorado 80109 | DATE FILED: October 16, 2014 11:41 AM |
| **Plaintiff:** Ty and Linda Bartels | |
| **v.** | |
| **Defendant:** Safeco Insurance Company of America | |
| | ▲   COURT USE ONLY   ▲ |
| **Attorney for Plaintiffs:** Attorney: Ross Ziev, #43181 Address: Speights and Worrich, LLC 116 Inverness Drive East, Suite 270 Englewood, CO 80112 Phone Num.: (303) 662-8082 FAX Num.: (303) 662-8083 E-Mail: ross@speightsfirm.com | Case Number: 2014CV030985 Div.: 1 |
| **ENTRY OF APPEARANCE** | |

Ross Ziev, Attorney at Law, with the firm Speights & Worrich, LLC, hereby enters his appearance as Counsel in this case on behalf of the Plaintiff in the above captioned matter.

Dated this 16th day of October 2014.

Respectfully Submitted,

/s/Ross Ziev
Ross Ziev #43181
Attorney
In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2014, I served the ENTRY OF APPEARANCE via ICCES on:

Attorneys:

Holly C. Ludwig #41381
Brian J. Spano # 17059
1200 17th Street, Suite 3000
Denver, CO 80202-5855
Tel: 303.623.9000
Fax: 303.623.9222
hludwig@LRRLaw.com
bspano@LRRLaw.com
Attorneys for Defendants
Safeco Insurance Company of America

/s/Ross Ziev
Ross Ziev #43181
Attorney
In accordance with C.R.C.P. 121, §1-
26(9), a printed copy of this
document with original signatures is
being maintained by the filing
party and will be made available for inspection
by other parties or the Court upon request.

DATE FILED: October 16, 2014 11:43 AM

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO | |
| Court Address:    Douglas County Courthouse<br>4000 Justice Way, Suite 2009<br>Castle Rock, CO  80109<br>Court Tel.:    720-437-6200 | |
| **Plaintiffs:**  TY and LINDA BARTELS,<br><br>v.<br><br>**Defendants:**  SAFECO INSURANCE COMPANY OF AMERICA, KENT STRICKLAND, and ROBERT DAVIS. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Defendant*<br>*Safeco Insurance Company of America:*<br><br>Brian J. Spano, No. 17059<br>Holly C. Ludwig, No. 41381<br>LEWIS ROCA ROTHGERBER LLP<br>1200 17th Street, Suite 3000<br>Denver, CO  80202-5855<br>Tel:    303.623.9000<br>Fax:    303.623.9222<br>bspano@LRRLaw.com<br>hludwig@LRRLaw.com | Case Number:  2014CV030985<br><br>Div.:  1 |

**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND**

Defendant Safeco Insurance Company of America ("Safeco"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP, hereby answers Plaintiffs' Complaint and Jury Demand ("Plaintiffs' Complaint") as follows:

## GENERAL ALLEGATIONS

1.    Safeco, upon information and belief, admits the allegations set forth in paragraph 1 of Plaintiffs' Complaint.

2.    Safeco, upon information and belief, admits the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

3.    With respect to the allegations set forth in paragraph 3 of Plaintiffs' Complaint, Safeco admits that it is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts.  Safeco denies any and all allegations set forth in paragraph 3 of Plaintiffs' Complaint not expressly admitted herein.

4.      Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5.      Safeco admits the allegations set forth in paragraph 5 of Plaintiffs' Complaint.

6.      With respect to the allegations set forth in paragraph 6 of Plaintiffs' Complaint, Safeco admits that, pursuant to C.R.S. § 10-3-107, the Commissioner of Insurance is authorized to serve as its agent for service of process in Colorado.  Safeco denies each and every allegation set forth in paragraph 6 of Plaintiffs' Complaint not expressly admitted herein.

7.      Safeco, upon information and belief, admits the allegations set forth in paragraph 7 of Plaintiffs' Complaint.

8.      The allegations set forth in paragraph 8 of Plaintiffs' Complaint state a legal conclusion to which no answer is necessary or appropriate.  To the extent that the Court deems otherwise, Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9.      With respect to the allegations set forth in paragraph 9 of Plaintiffs' Complaint, Safeco admits that it issued a homeowners' insurance policy to Plaintiffs, effective September 19, 2011, policy number OY6870973 ("Policy").  Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10.      With respect to the allegations set forth in paragraph 10 of Plaintiffs' Complaint, Safeco, upon information and belief, admits that Plaintiffs owned the property insured under the Policy and located at 11389 E. Maplewood Avenue, Englewood, Colorado on June 6, 2012, the date of the alleged hailstorm at issue in this action.  Safeco denies each and every allegation set forth in paragraph 10 of Plaintiffs' Complaint not expressly admitted herein.

11.      With respect to the allegations set forth in paragraph 11 of Plaintiffs' Complaint, Safeco admits that it issued the Policy to Plaintiffs, which insured the residence located at 11389 E. Maplewood Avenue, Englewood, Colorado, subject to certain terms, conditions and limitations.  Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12.      Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13.      With respect to the allegations set forth in paragraph 13 of Plaintiffs' Complaint, Safeco admits that, on July 11, 2012, Plaintiffs reported a claim for damage to their property that was allegedly caused by a hailstorm on June 6, 2012.  Safeco is without information or

- 2 -

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 13 of Plaintiffs' Complaint, and therefore denies the same.

14.     Safeco admits the allegations set forth in paragraph 14 of Plaintiffs' Complaint.

15.     Safeco denies the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16.     Safeco denies the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17.     With respect to the allegations set forth in paragraph 17 of Plaintiffs' Complaint, Safeco admits that Robert Davis is an employee of Safeco who participated in the adjustment of Plaintiffs' insurance claim at issue in this action.  Safeco denies each and every allegation set forth in paragraph 17 of Plaintiffs' Complaint not expressly admitted herein.

18.     Safeco denies the allegations set forth in paragraph 18 of Plaintiffs' Complaint.

19.     With respect to the allegations set forth in paragraph 19 of Plaintiffs' Complaint, Safeco admits that Plaintiffs claim that the wind and hailstorm damage to their property "exceeded $99,050.25."  Safeco denies each and every allegation set forth in paragraph 19 of Plaintiffs' Complaint not expressly admitted herein.

20.     Safeco denies the allegations set forth in paragraph 20 of Plaintiffs' Complaint.

21.     Safeco denies the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

22.     Safeco denies the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

23.     Safeco denies the allegations set forth in paragraph 23 of Plaintiffs' Complaint.

24.     Safeco denies the allegations set forth in paragraph 24 of Plaintiffs' Complaint.

25.     Safeco denies the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26.     Safeco denies the allegations set forth in paragraph 26 of Plaintiffs' Complaint.

27.     Safeco denies the allegations set forth in paragraph 27 of Plaintiffs' Complaint.

28.     Safeco denies the allegations set forth in paragraph 28 of Plaintiffs' Complaint.

29.     Safeco denies the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

30.     Safeco denies the allegations set forth in paragraph 30 of Plaintiffs' Complaint.

31.     Safeco denies the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

32.     Safeco denies the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

2005022135_1

## FIRST CLAIM FOR RELIEF
## (VIOLATION OF C.R.S. §§ 10-3-1115(1)(a) AND 10-3-1116(1))

33.     In response to the allegations set forth in paragraph 33 of Plaintiffs' Complaint, Safeco reincorporates and re-alleges its responses to paragraphs 1-32 of Plaintiffs' Complaint as if fully set forth herein.

34.     Safeco denies the allegations set forth in paragraph 34 of Plaintiffs' Complaint.

35.     The allegations set forth in paragraph 35 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response by Safeco is necessary or appropriate.  To the extent that the Court deems otherwise, Safeco denies the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

36.     In response to the allegations set forth in paragraph 36 of Plaintiffs' Complaint, Safeco reincorporates and re-alleges its responses to paragraphs 1-35 of Plaintiffs' Complaint as if fully set forth herein.

37.     With respect to the allegations set forth in paragraph 37 of Plaintiffs' Complaint. Safeco states that Plaintiffs' compliance with conditions precedent to coverage under the Policy is a legal conclusion to which no answer or other response by Safeco is necessary or appropriate. To the extent that the Court deems otherwise, Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of Plaintiffs' Complaint, and therefore denies the same.

38.     With respect to the allegations set forth in paragraph 38 of Plaintiffs' Complaint. Safeco states that Plaintiffs' non-compliance with conditions precedent to coverage under Policy and the prejudice to Safeco are legal conclusions to which no answer or other response by Safeco is necessary or appropriate.  To the extent that the Court deems otherwise, Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of Plaintiffs' Complaint, and therefore denies the same.

39.     With respect to the allegations set forth in paragraph 39 of Plaintiffs' Complaint. Safeco states that Plaintiffs' contractual obligations and Safeco's reliance on Plaintiffs' failures to comply with their contractual obligations are legal conclusions to which no answer or other response by Safeco is necessary or appropriate.  To the extent that the Court deems otherwise, Safeco denies the allegations set forth in paragraph 39 of Plaintiffs' Complaint.

40.     The allegations set forth in paragraph 40 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response by Safeco is necessary or appropriate.  To the extent that the Court deems otherwise, Safeco admits that it owed a duty of good faith and fair dealing to Plaintiffs and that it fully discharged such obligations and acted in good faith

throughout the handling of Plaintiffs' claim.  Safeco denies each and every allegation set forth in paragraph 40 of Plaintiffs' Complaint not expressly admitted herein.

41.     Safeco denies the allegations set forth in paragraph 41 of Plaintiffs' Complaint.

42.     Safeco denies the allegations set forth in paragraph 42 of Plaintiffs' Complaint.

**THIRD CLAIM FOR RELIEF**
**(BAD FAITH BREACH OF INSURANCE CONTRACT)**

43.     In response to the allegations set forth in paragraph 43 of Plaintiffs' Complaint, Safeco reincorporates and re-alleges its responses to paragraphs 1-42 of Plaintiffs' Complaint as if fully set forth herein.

44.     The allegations set forth in paragraph 44 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response by Safeco is necessary or appropriate.  To the extent that the Court deems otherwise, Safeco is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44 of Plaintiffs' Complaint, and therefore denies the same.

45.     The allegations set forth in paragraph 45 of Plaintiffs' Complaint state a legal conclusion to which no answer is necessary or appropriate.  To the extent the Court deems otherwise, Safeco admits that it owed a duty of good faith and fair dealing to Plaintiffs and that it acted in good faith throughout the handling of Plaintiffs' claim.  Safeco denies each and every allegation set forth in paragraph 45 of Plaintiffs' Complaint not expressly admitted herein.

46.     Safeco denies the allegations set forth in paragraph 46 of Plaintiffs' Complaint.

     a.     Safeco denies the allegations set forth in paragraph 46(a) of Plaintiffs' Complaint.

     b.     Safeco denies the allegations set forth in paragraph 46(b) of Plaintiffs' Complaint.

     c.     Safeco denies the allegations set forth in paragraph 46(c) of Plaintiffs' Complaint.

     d.     Safeco denies the allegations set forth in paragraph 46(d) of Plaintiffs' Complaint.

     e.     Safeco denies the allegations set forth in paragraph 46(e) of Plaintiffs' Complaint.

     f.     Safeco denies the allegations set forth in paragraph 46(f) of Plaintiffs' Complaint.

g.   Safeco denies the allegations set forth in paragraph 46(g) of Plaintiffs' Complaint.

h.   Safeco denies the allegations set forth in paragraph 46(h) of Plaintiffs' Complaint.

i.   Safeco denies the allegations set forth in paragraph 46(i) of Plaintiffs' Complaint.

j.   Safeco denies the allegations set forth in paragraph 46(j) of Plaintiffs' Complaint.

47.   Safeco denies the allegations set forth in paragraph 47 of Plaintiffs' Complaint.

48.   Safeco denies the allegations set forth in paragraph 48 of Plaintiffs' Complaint.

## DAMAGES

49.   In response to the allegations set forth in paragraph 49 of Plaintiffs' Complaint, Safeco reincorporates and re-alleges its responses to paragraphs 1-48 of Plaintiffs' Complaint as if fully set forth herein.

50.   Safeco denies the allegations set forth in paragraph 50 of Plaintiffs' Complaint.

51.   Safeco denies the allegations set forth in paragraph 51 of Plaintiffs' Complaint.

## GENERAL DENIAL

Defendant Safeco otherwise denies any liability for the subject claims or alleged damages, and reserves the right to amend, conform and/or supplement its pleadings, to have its pleadings construed to do substantial justice and as otherwise permitted under the applicable rules.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims may be barred, in whole or in part, due to the acts or omissions of third parties over whom Safeco maintains no control or right of control.

2005022135_1

### Third Affirmative Defense

Plaintiffs' claims may be barred, in whole or in part, due to Plaintiffs' failure to mitigate their damages, if any.

### Fourth Affirmative Defense

Plaintiffs' claims may be barred, in whole or in part, by one or more of the equitable doctrines including, but not limited to, waiver, estoppel, and unclean hands.

### Fifth Affirmative Defense

Plaintiffs' claims may be barred by the terms and conditions of the Policy issued by Safeco to Plaintiffs.

### Sixth Affirmative Defense

Safeco reserves the right to assert such additional affirmative defenses as may become known through the course of discovery in this action.

**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Defendant Safeco Insurance Company of America requests that this Court dismiss Plaintiffs' Complaint with prejudice, that judgment enter in its favor and against Plaintiffs, and that Defendant be awarded its costs, expenses, interest, expert witness fees, and such other and further relief as this Court deems just and proper.

Respectfully submitted this 16th day of October, 2014.

LEWIS ROCA ROTHGERBER LLP

*A duly signed original is on file at the offices of Lewis Roca Rothgerber LLP*

*s/Holly C. Ludwig*
Brian J. Spano, No. 17059
Holly C. Ludwig, No. 41381

*Attorneys for Defendant*
*Safeco Insurance Company of America*

- 7 -

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of October, 2014, the foregoing **DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** was filed electronically, via ICCES, which caused automatic electronic notice of such filing upon the following:

Ross Ziev, Esq.
SPEIGHTS AND WORRICH, LLC
116 Inverness Drive East, Suite 270
Englewood, CO  80112
Tel:     303.662.8082
Fax:     303.662.8083
ross@speightsfirm.com

*Attorneys for Plaintiffs*


*s/Kathleen M. Daily*
Kathleen M. Daily

| DISTRICT COURT, DOUGLAS COUNTY, COLORADO | |
|---|---|
| Court Address:<br>4000 Justice Way, Castle Rock, CO, 80109-7546 | DATE FILED: October 16, 2014 4:08 PM |
| **Plaintiff(s)** TY BARTELS et al.<br>v.<br>**Defendant(s)** SAFECO INSURANCE COMPANY OF AMERICA et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2014CV30985 |
| | Division: 1          Courtroom: |
| **Order: Order for Dismissal of Kent Strickland and Robert Davis and to Amend Caption** | |

The motion/proposed order attached hereto: GRANTED.


Issue Date: 10/16/2014

PAUL A KING
District Court Judge

| DISTRICT COURT, COLORADO, DOUGLAS COUNTY | |
|---|---|
| **Court Address:**   4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109<br>**Court Tel:**   (720) 688-1962 | |
| **Plaintiff:** TY AND LINDA BARTELS<br><br>v.<br><br>**Defendants:** SAFECO INSURANCE COMPANY OF AMERICA, KENT STRICKLAND, AND ROBERT DAVIS | ▲ **COURT USE ONLY** ▲<br>_____<br><br>Case No.:  2014CV030985<br><br>Division:        1 |

**ORDER FOR DISMISSAL WITH PREJUDICE**

THIS MATTER having come before the Court upon the parties' Stipulation for Dismissal With Prejudice of Kent Strickland and Robert Davis and to Amend Caption, and the Court being fully advised in the premises, hereby

GRANTS the Stipulation and ORDERS that Kent Strickland and Robert Davis are hereby dismissed from this action with prejudice and their names shall be removed from the caption.

DONE this ____ day of _____, 2014.

BY THE COURT:

_____
DISTRICT COURT JUDGE

2005023934_1